IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PACSEC3, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>AXWAY INC.,<br><br>       Defendant. | Case No. 1:24-cv-04711-MLB<br><br>**JURY TRIAL DEMANDED** |

**AXWAY'S RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE**

Under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3), Defendant Axway Inc. ("Axway") moves to dismiss PacSec3's First Amended Complaint (Dkt. No. 14; "Complaint") for improper venue.

### I.   INTRODUCTION

The Northern District of Georgia is not a proper venue for this action. Under § 1400(b), a patent infringement action may only be brought in the judicial district where (1) the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. Axway does not reside and does not have a regular and established place of business in the Northern District of Georgia. Accordingly, the Court must dismiss the Complaint.

1

## II. FACTUAL BACKGROUND

PacSec3 sued Axway on October 16, 2024, alleging infringement of U.S. Patent No. 7,523,497 ("the '497 Patent"). Dkt. 1. The '497 Patent relates to certain purportedly novel methods of preventing "packet flooding" or other related types of denial-of-service attacks in the field of computer network security. Before Axway answered or otherwise responded to PacSec3's Original Complaint, PacSec3 filed its First Amended Complaint on December 17, 2024, and removed its previous allegations of indirect infringement. (Dkt. 14.).

It is not disputed that Axway is incorporated in Delaware. (Ex. A, Declaration of Sébastien Guiraud in Support of Axway's Motion to Dismiss ¶ 3; Dkt. 14 ¶ 2. It is also not disputed that Axway's principal and physical place of business is its headquarters located at 16220 N Scottsdale Road, Suite 500, Scottsdale, Arizona 85254. (Ex. A ¶ 3; Dkt. 14 ¶ 2.) PacSec3 *alleges* "[o]n information and belief" that Axway "has a regular and established place of business at 1000 Parkwood Circle, SE, Suite 900" here in Atlanta. (Dkt. 14 ¶ 2.) Although Axway at one time operated an office at that address, that location is now closed, and Axway does not have any other business locations within the state of Georgia. (Ex. A ¶ 3.)

### III.   LEGAL STANDARD

Plaintiff bears the burden of establishing venue. *In re: ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) (citation omitted).

Proper venue in this case is governed by 28 U.S.C. § 1400(b)—the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Under § 1400(b), a patent infringement case may only be brought in the judicial district where (1) the defendant resides or (2) where the defendant has committed acts of infringement ***and*** has a regular and established place of business. 28 U.S.C. § 1400(b) (emphasis added). Whether venue is proper under § 1400(b) is an issue unique to patent law and thus governed by Federal Circuit precedent. *ZTE*, 890 F.3d at 1012.

Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1519. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

In ruling on a 12(b)(3) motion, the Court must initially accept as true all of the well-pleaded allegations in the complaint and resolve any factual

3

conflicts in the plaintiff's favor. *JBS Hair, Inc. v. Beauty Essence, Inc.*, No. 1:21-CV-1860-MLB, 2022 WL 657503, at *1 (N.D. Ga. Mar. 4, 2022) (citing *Curry v. Gonzales*, No. 1:05-cv-2710-WSD, 2006 WL 3191178, at *2 (N.D. Ga. Oct. 31, 2006)). But the Court may consider evidence in the record beyond the facts alleged in the Complaint and its attachments, including affidavits or evidence submitted by the defendant in support of its motion to dismiss, or by the plaintiff in response to the motion. *See id*. If venue is improper, whether to dismiss or transfer is within the discretion of the Court. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).

## IV.   THIS CASE SHOULD BE DISMISSED BECAUSE VENUE IN THE NORTHERN DISTRICT OF GEORGIA IS IMPROPER

PacSec3 has failed to satisfy either prong of § 1400(b). First, as PacSec3 admits in its Complaint, Axway is a corporation organized and existing under the laws of the State of Delaware. (Dkt. 14 ¶ 2.) Thus, Axway does not "reside" in the state of Georgia, and venue cannot be established under the first prong of § 1400(b).

Second, PacSec3 has failed to establish that Axway has a regular and established place of business in the Northern District of Georgia. PacSec3 alleges that "Defendant has a regular and established place of business at 1000 Parkwood Circle, SE, Suite 900, Atlanta, GA 30339" (Dkt. 14 ¶ 2; *see also id.* ¶ 10), but Axway closed this location in September 2024, *before*

PacSec3 sued Axway on October 16, 2024 (Ex. A ¶ 3.). As of the filing of the complaint (and ever since), Axway does not operate any locations within the Northern District of Georgia, or indeed, anywhere else in the state. (Ex. A ¶ 3.) Thus, PacSec3 fails to satisfy the second prong of § 1400(b).

Under these facts, PacSec3 cannot establish venue in the Northern District of Georgia, so the case should be dismissed.

## V. CONCLUSION

Axway neither resides in nor does it have a regular and established place of business in this district. Therefore, Axway respectfully asks the Court to dismiss the case for improper venue.

Dated: March 24, 2025          Respectfully Submitted,

*/s/ Warren J. Thomas*
John W. Harbin (Ga. Bar No. 324130)
Warren J. Thomas (Ga. Bar No. 164714)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE Suite 1300
Atlanta, GA 30309
Tel: 404-645-7700
jharbin@mcciplaw.com
wthomas@mcciplaw.com

John R. Emerson (*pro hac vice* forthcoming)
Texas Bar No. 24002053
Andrew Drott (*pro hac vice* forthcoming)
TX Bar No. 24126568
Dylan Freeman (*pro hac vice* forthcoming)
TX Bar No. 24131314
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201

(214) 651-5000 (telephone)
russ.emerson@haynesboone.com
andrew.drott@haynesboone.com
dylan.freeman@haynesboone.com

**COUNSEL FOR AXWAY INC.**

Case 1:24-cv-04711-MLB     Document 19     Filed 03/24/25     Page 6 of 7

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in LR 5.1(C).

*/s/Warren J. Thomas*